UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AGNES JOHNSON FERGUSON,**

      **Plaintiff,**

v.                                      **Case No: 6:23-cv-633-PGB-EJK**

**BUDGET RENT A CAR SYSTEM, INC., HERNAN JOSUE MENDEZ CASTELLON and LICKZA YURIANY WENCES,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon Defendant Budget Rent A Car System's ("**Budget**") Amended Motion for Clarification of the Court's June 18, 2024 Order (Doc. 45 (the "**Order**")). (Doc. 50 (the "**Motion**")). Upon consideration, the Motion is due to be granted.

In the Order, the Court imposed a financial penalty on Budget's counsel for its litigation conduct that resulted in the dismissal of the case, which placed Plaintiff Agnes Johnson Ferguson ("**Plaintiff**") in a worse position through no fault of her own. The Court reasoned that without any financial penalty, Budget would be presented with a "windfall," "freeing it from consequences for disregarding the Court's orders and rules of procedure while also subjecting Plaintiff to a new state law making recovery more difficult." (Doc. 45, p. 25). To avoid rewarding Budget's disregard, the financial penalty required Lydecker LLP

to pay Plaintiff directly for her reasonable costs and attorney's fees incurred up to this point and in collecting the money. (*Id.*). The Court also stated that Plaintiff's counsel is barred from collecting any of that amount as compensation for work provided. (*Id.*). Moreover, the Court emphasized that the penalty is the amount recoverable under quantum meruit for work performed by the attorneys—unaffected by any contingency fee arrangement. (*Id.*).

Despite the language of the Order, Lydecker LLP believes that because Plaintiff had a contingency fee arrangement, and thus far has paid her attorneys "zero dollars," her "costs" and "reasonable attorney's fees" are also zero dollars, and thus, the law firm need not pay her anything. (Doc. 50, ¶¶ 4–5). However, payment of this financial penalty for sanctionable conduct is not "a windfall not actually earned and tied to nothing which actually has impacted Plaintiff herself." (*See id.* ¶ 11). On the contrary, Plaintiff is now subject to a harsher state law because of Budget's actions. When Lydecker LLP first voiced this contention, Plaintiff's counsel correctly said the amount due constituted work compensable under quantum meruit. (*Id.* ¶ 6). However, Plaintiff's counsel returned bills exceeding $30,000, calculated using a $750 hourly rate, which appears unreasonable for the work provided in this case. (*Id.* ¶ 6). Thus, the Court finds that neither party is acting in good faith to comply with the Order. Nonetheless, the Court *sua sponte*

2

grants an extension of the deadline for payment of Plaintiff's reasonable expenses, costs, and attorney's fees.[1]

Accordingly, Budget's Amended Motion for Clarification (Doc. 50) is **GRANTED** consistent with the directives herein. It is **ORDERED** that on or before **July 9, 2024**, Lydecker LLP shall pay Plaintiff's reasonable expenses, costs, *and* attorney's fees incurred by Plaintiff up to this point in the litigation, as well as those that may be incurred in collecting on this penalty, which includes the cost of work her attorneys perform. Lydecker LLP is further **ORDERED** to certify to the Court that it completed the aforementioned payment to Plaintiff on or before **July 9, 2024**.

**DONE AND ORDERED** in Orlando, Florida on July 3, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Budget sought clarification of the Order ten (10) days after the Court issued the Order and eight (8) days after it conferred with Plaintiff. (Doc. 50). Moreover, Budget filed its Motion after the Court's hours on Friday, June 28, 2024. (*Id.*). In the Motion, Budget requested the Court to provide clarification before the Tuesday deadline of July 2, 2024, which left the Court with one (1) day to rule on the Motion. (*See id.*). Such untimeliness is poor professional practice. The Court advises the parties that it will not further extend this deadline.